IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN D. LITTLE, )
    Plaintiff, ) Civil Action No. 1:16-cv-107
)
v. )
)
GREGORY HAMMOND, et al, ) Magistrate Judge Susan Paradise Baxter
    Defendants. )

# MEMORANDUM OPINION[1]

M.J. Susan Paradise Baxter

Presently pending before this Court are multiple motions to dismiss filed by the Defendants. In particular, Defendants Shawn M. Estes, Andmoragan C. Thomas, and Eva C. Stroup filed separate motions to dismiss. ECF No. 21; ECF No. 26; and ECF No. 32, respectively. Additionally, Defendants Judge Gregory Hammond and the 37th Judicial District of Pennsylvania Warren County Courthouse filed a joint motion to dismiss. ECF No. 4.

For the reasons set forth below, the motions to dismiss will be granted.

### A. Relevant Procedural and Factual History

Plaintiff, Shawn Little, acting *pro se*, initiated this civil rights action on May 11, 2016. Plaintiff, currently an inmate in state custody, brought this civil rights action alleging a web of conspiracy as well as a litany of illegal actions and constitutional violations by Defendants throughout Plaintiff's criminal and child custody proceedings.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

Defendant Judge Gregory Hammond ("Hammond") was the presiding judge over several separate criminal proceedings involving Plaintiff. One such criminal proceeding resulted in an acquittal of all charges against Plaintiff. ECF No. 10, ¶ 5-6. Plaintiff claims this result displeased Defendant Hammond and triggered the ensuing unlawful conduct against Plaintiff. Id. During the course of Plaintiff's subsequent criminal proceedings, Plaintiff alleges Defendant Hammond "took actions which violate[d] Plaintiff's constitutionally protected rights and denied civil liberties solely to further his personal malicious, vindictive agenda upon Plaintiff out of revenge" for the acquittal in the prior criminal proceeding. ECF No. 8, page 6. In particular, Plaintiff alleges Defendant Hammond violated his Due Process and Equal Protection rights, retaliated against Plaintiff, conspired with other Defendants, and maliciously prosecuted Plaintiff.[2] Id.

Defendant 37th Judicial District of Pennsylvania ("Judicial District") is the location of the Warren County Court of Common Pleas and where Defendant Hammond presides. Plaintiff alleges Judicial District:

> Allowed the continuous violation of Plaintiff's constitutional rights and did nothing to stop the defendants employed within their realm from causing Plaintiff to suffer loss of liberty, civil rights, vindictive persecution by its officers based upon gender and previous acquittal of malicious prosecution.

ECF No. 8, page 7.

Defendant Shawn M. Estes ("Estes"), a Warren County Court Hearing Officer, presided over two evidentiary hearings in Plaintiff's custody proceedings against his ex-wife, Defendant Eva C. Stroup. Although the two evidentiary hearings were audio recorded, during an exceptions hearing on Defendant Estes' report and recommendation to the Court, the hearing testimony was unavailable. Plaintiff alleges Defendant Estes:

---

[2] Liberally construing Plaintiff's complaint, this Court assumes Plaintiff is alleging malicious prosecution when he refers to Defendant Hammond's conduct as "vindictive persecution." ECF No. 8, page 6.

> Intentionally destroyed and/or erased the record of hearing testimony intentionally so as to deny Plaintiff due process of law, right to appeal, causing him loss of liberty, so as to further all defendants vindictive persecution, retaliation, retribution, and continued violation of constitutional rights.

ECF No. 8, page 9.

Defendant Andmoragan Thomas ("Thomas") was Defendant Hammond's law clerk during Plaintiff's criminal proceedings. ECF No. 10, ¶ 8. Thereafter, Defendant Thomas left her employment with the court and moved to a private law firm. Id. While working at this law firm, Plaintiff alleges Defendant Thomas began representing Defendant Hammond as well as Plaintiff's ex-wife, Defendant Eva C. Stroup, in legal matters against Plaintiff. Id. Plaintiff claims Defendant Thomas "acted individually and in concert with other Defendants to vindictively persecute Plaintiff and act with total disregard for the truth/or the law in retaliation" for the criminal proceeding in which Plaintiff was acquitted of all charges. ECF No. 8, page 8.[3]

Defendant Eva C. Stroup ("Stroup"), Plaintiff's ex-wife, has been involved in custody proceedings against Plaintiff over their two children. ECF No. 10, ¶¶ 8-9. Defendant Stroup was awarded primary physical custody of the two children. Id. at ¶ 10. However, Plaintiff's visitation and communication rights with his children remain a highly litigated issue between Plaintiff and Defendant Stroup. In his complaint, Plaintiff claims Defendant Stroup:

> Acted individually and in concert with other Defendants to violate Plaintiff's constitutional rights, defame his character, suffer him loss of liberty for her own personal agenda and to further other Defendants malicious personal intent to harm plaintiff in retaliation.

ECF No. 8, page 8.

---

[3] In his Opposition brief, Plaintiff explains that his due process and equal protection claims against Ms. Thomas are based on her alleged violation of a state professional rule of conduct and are akin to conflict of interest. See ECF No. 42.

Defendants filed motions to dismiss, arguing, among other defenses, judicial immunity, absence of a state actor, and failure to state a claim.[4] ECF No. 4; ECF No. 21; ECF No. 26; ECF No. 32. Plaintiff has filed opposition briefs to each motion to dismiss. ECF No. 12; ECF No. 25; ECF No. 42; ECF No. 39. This motion is ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with measure of tolerance"). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a compliant in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Rule 12(b)(6)

---

[4] Defendant Eva C. Stroup is representing herself and filed her motion to dismiss *pro se*.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)(specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. V. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009)("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This

'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

"The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." Tacinda Corp. v. DaimlerChrysler AG, 197 F. Supp.2d 42, 53 (D.Del 2002) citing Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Indeed, the Supreme Court has held that complaint is properly dismissed under Rule 12(b) where it does not allege "enough facts to state a claim to relief that is plausible on its facts," Twombly, 550 U.S. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The question is not whether the plaintiff will prevail in the end but, rather, whether the plaintiff is entitled to offer evidence in support of his or her claims. Swope v. City of Pittsburgh, 90 F.Supp.3d 400, 405 (W.D. Pa. 2015) citing Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

### C. Judicial Immunity

The judicial Defendants, Judge Hammond, Hearing Officer Estes, and Judicial District are entitled to judicial immunity.[5] Judicial officers are immune from damage suits arising out of their official duties. Stump v. Sparkman, 435 U.S. 349 (1978). Judicial immunity is "immunity from suit, not just from an ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority…." Sparkman, 435 U.S. at 356. See also Benn v. First Judicial District, 426 F.3d 233 (3d Cir. 2005) (applying Eleventh Amendment immunity to courts). See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir.2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

A judge is immune even if the acts were committed during an alleged conspiracy. Dennis v. Sparks, 449 U.S. 24 (1980). See also Owens v. Armstrong, 171 F.Supp.3d 316, 330 (D.N.J. Mar.22, 2016). Judicial immunity may only be overcome in limited circumstances when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions,

---

[5] In addition, Defendant Thomas would be afforded quasi-judicial immunity for actions taken during her employment with the court as Judge Hammond's law clerk. See Jodeco, In. v. Hann, 647 F. Supp. 488 (D.N.J. 1987) (extending immunity to nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge). Even liberally construing the allegations of Plaintiff's complaint, this Court does not infer that any of Plaintiff's factual allegations against Defendant Thomas involve the time period in which Thomas was employed by the court. Instead, Plaintiff's factual allegations against Defendant Thomas focus on the time period after she left her job as a law clerk and began working in a private law firm. See ECF No. 42, Plaintiff's Brief in Opposition to Defendant Thomas' Motion to Dismiss. Therefore, a discussion of quasi-immunity analysis as it pertains to Defendant Thomas is not necessary.

"though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11–12.

Here, Plaintiff's factual allegations are based solely on the judicial actions of Defendants Hammond, Estes, and Judicial District. Although Plaintiff disagrees with the decision-making process, nothing in Plaintiff's complaint can be interpreted as an allegation that Defendants acted outside of their judicial functions or in the clear absence of jurisdiction. Even if these rulings were in error or in excess of authority, there is no plausible allegation that they were undertaken without appropriate jurisdiction. Accordingly, Defendant Hammond, Estes and Judicial District will be dismissed from this action.

### D. State Actor Requirement - §1983

Plaintiff's claims against Defendant Stroup and Thomas brought by way of §1983 fail because Defendant Stroup and Thomas are not state actors. In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Generally, anyone whose conduct is "fairly attributable to the state" can be sued as a state actor under § 1983. Filarsky v. Delia, __ U.S. __, __, 132 S. Ct. 1657, 1661 (April 17, 2012) citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). "Action under color of state law requires that one liable under §1983 have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Cirri v. Muroski, 2013 WL 2897868, at *4 (3d Cir. June 13, 2013) quoting Harvey v. Plains Twp. Police Dept., 635 F.3d 606, 609 (3d Cir. 2011). Private citizens, such as Defendants Stroup

and Thomas[6], are not state actors, and therefore, they cannot be held liable under §1983. Plaintiff's complaint does not contain any allegations that overcome the state actor requirement, and therefore, any §1983 claims against Defendant Stroup and Thomas will be dismissed.

Similarly, Plaintiff does not plead any factual allegations sufficient to impose liability upon Stroupe or Thomas by virtue of their participation in an alleged conspiracy with the judicial Defendants. Generally, in order "to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010). Moreover, a plaintiff alleging that (non-state actor) defendants conspired with judges must "plead an agreement between the state court judges and Defendants to rule in favor of [Defendants]." Id. citing Dennis, 449 U.S. at 28. Bare allegations of conspiracy, or the assertion that "Defendants engaged in a concerted action of a kind not likely to occur in the absence of agreement," are insufficient. Id. The Court must distinguish between the potential "appearance of impropriety" from a meeting of the minds sufficient to permit a § 1983 claim against that party. Id. at 179. Plaintiff has not pled any factual allegations sufficient to infer a meeting of the minds necessary to render Stroupe or Thomas as state actors for purposes of § 1983 liability. Dennis, 449 U.S. at 28 ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

Additionally, Plaintiff's complaint sets forth generalized allegations of retaliation, defamation, and "vindictive persecution." Even liberally construing his complaint, Plaintiff fails

---

[6] The legal precedent is clear that Thomas is not a state actor by virtue of her position as an attorney. See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277-78 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). See also Polk County v. Dodson, 454 U.S. 312, 318-19 (1981).

to factually plead the necessary elements of any of these claims. Simply put, using the words "retaliation," "defamation," or "vindictive persecution" as blanket assertions against Defendants are not enough to survive a motion to dismiss. See Phillips, 515 F.3d at 231. As such, Defendants' motions to dismiss based upon a failure to state a claim will be granted.[7]

Any amendments to Plaintiff's complaint would be futile in this action.[8]

For the reasons set forth above, the motion to dismiss filed by Hammond and the 37th Judicial District of Pennsylvania [ECF No. 4], the motion to dismiss filed by Estes [ECF No. 21], the motion to dismiss filed by Thomas [ECF No. 26], and the motion to dismiss filed by Stroup [ECF No. 32] will be granted.

An appropriate Order follows.

Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[7] As all of the federal claims against these Defendants are dismissed, this Court declines to exercise supplemental jurisdiction over any state law claims Plaintiff attempts to assert against these Defendants. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right…. Certainly, if the federal claims are dismissed before trial, … the state claims should be dismissed as well.").

[8] Federal Rule of Civil Procedure 15(a)(2) states that "the court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure). An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted. In re NAHC, Inc. Securities Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).